**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| CINCINATTI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09-00577-CV-W-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| COLONY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is the Plaintiff's fully-briefed Motion for prejudgment interest pursuant to Missouri Revised Statutes section 408.020. Docs. 37, 40-41. For the reasons discussed herein, the Plaintiff's Motion is DENIED.

**Background**

A full recounting of the facts of this case can be found in the Court's Order granting the Plaintiff's Motion for summary judgment. Doc. 36. In short, the parties reached an agreement to settle a wrongful death claim against their mutual insured, Regency Care Center of Independence. The Plaintiff funded the majority of the settlement, but the parties agreed that they would split the settlement equally if a future judicial determination held that the Defendant was responsible for two occurrences under its policy. The Court so held on December 29, 2010, and the Plaintiff now seeks prejudgment interest on the judgment amount of $189,000 pursuant to the Missouri statute.

**Standard**

Missouri law provides for

"Creditors…to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys *after they become due and payable*, on written contracts, and on accounts after they become due and demand of payment

is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made."

Mo. Rev. Stat. § 408.020 (emphasis added). In situations where prejudgment interest is available, awarding it is mandatory; rather than a matter of discretion for the Court. *Commercial Union Assur. Co of Australia, Ltd, Melbourne v. Hartford Fire Ins. Co.,* 86 F.Supp.2d 921, 931 (E.D. Mo. 2000). Courts may only order prejudgment interest under this statute when the amount at issue "is either liquidated, meaning fixed and determined, or readily ascertainable by computation or recognized standards." *Children Intern. v. Ammon Painting Co.,* 215 S.W.3d 194, 203-04 (Mo. Ct. App. 2006) (holding that damages for loss of use are not liquidated because they are "variable, speculative, and uncertain").

## Discussion

The Defendant's arguments in opposition to an award of interest are threefold: that the Plaintiff waived its right to seek interest by limiting its recovery to $200,000, that no amount was "due and payable" prior to the judgment, and that equity weighs against an award of interest due to the Plaintiff's delay in filing suit. Because the Court finds that no amount was due and payable and that the Missouri statute does not contemplate this type of agreement, the Court expresses no view on the Defendant's other arguments.

### A. The Contract at Issue is *Sui Generis*

There is no doubt that the parties reached a contract by which to settle the underlying case and preserve the Plaintiff's right to obtain a further judicial determination regarding the Defendant's liability. The Plaintiff did so, and the Court agreed with its arguments on the merits. However, while the agreement at issue is a contract, that does not necessarily mean that the amount was due and payable immediately upon its execution. For example, the contract

explicitly prevented the Plaintiff from obtaining the principal amount for at least sixty days, to allow for a period of negotiation. Doc. 1-1 at 4. While that would seem to preclude at least sixty days' worth of interest, the larger problem with the Plaintiff's position is that this contract is too unlike the usual contract to apply the requirements of section 408.020. The Plaintiff characterizes the Defendant's position as being that simply denying liability is enough to prevent a contractual amount from being "due and payable." This position has been wisely rejected by the Missouri courts, as it would effectively eliminate the ability to recover prejudgment interest. *See State ex rel. Costco Wholesale Corp. v. Hartenbach,* 267 S.W.3d 725, 728-29 (Mo. Ct. App. 2008) ("Moreover, if a judgment is required…in a civil action alleging breach of contract, then prejudgment interest on damages could not be authorized as Section 408.020 provides, thereby rendering Section 408.020 meaningless.").

The usual contract in which parties agree to take on rights and responsibilities is quite different from a contract the very purpose of which is to memorialize the parties' disagreement *about* their rights and responsibilities in order to have them decided later. While the Court does not doubt that the parties held strong opinions about their positions at the time of the contract, inherent in the agreement is the suggestion that there is a lack of clarity about which side was correct. It is not a fair characterization for the Plaintiff to now accuse the Defendant of simply denying liability when the contract intrinsically presumes that liability has yet to be determined.[1]

To be clear, section 408.020 is applicable in some insurance contexts. *Francka v. Fire Ins. Exchange,* 668 S.W.2d 189, 190-91 (Mo. Ct. App. 1984) (policyholder entitled to interest from the date the claim becomes payable). But the present case is inapposite because insurance

---

[1] For example, paragraph 6 of the agreement states that "neither Colony or [sic] Cincinnati *shall resort to litigation of this matter* within sixty (60) days of the execution of this Agreement…" Doc. 1-1 at 4 (emphasis added). Save for boilerplate choice of law provisions, contracts do not usually recognize the necessity of litigation—the entire point of a contract is to memorialize agreements to do substantive acts and induce voluntary compliance with those agreements.

3

policies presume that the parties will honor their commitments, rather than presuming that they must seek a judicial determination of their rights. The public policy behind section 408.020 is to encourage parties to honor their debts for fear of further interest liability. *Ammon Painting,* 215 S.W.3d at 203 (policy is to "promote settlement of lawsuits and fully compensate plaintiffs by accounting for the time-value of money"). That policy is not suited to a situation where two sophisticated parties execute a contract only *after* they attempt mediation and find that intractable disputes still remain. The parties were no doubt aware of Missouri's prejudgment interest statute in July 2006, but chose not to clearly address the issue in their contract.

## Conclusion

In short, while contracts intended to preserve parties' rights to a declaratory judgment action may be common in the insurance business, the Court finds that the otherwise atypical agreement does not constitute a contract that is "due and payable" under the Missouri prejudgment interest statute. The parties had a legal dispute about the interpretation of their contracts which they recognized required a judicial determination. Such an agreement necessarily suggests that prejudgment interest is not applicable because although the amount due was not in doubt, liability for it was. This differs from a situation in which a debtor-defendant simply denies liability, because both parties agreed to seek this action. While the Court agreed with the Plaintiff on the merits, its Motion for prejudgment interest is DENIED. A clerk's judgment in the sole amount of $189,000 will issue shortly.

**IT IS SO ORDERED**

Dated: May 27, 2011         /s/ Greg Kays
                            GREG KAYS,
                            UNITED STATES DISTRICT JUDGE